C. H. McCORMICK and L. J. McCORMICK, Appellants, *v.* C. H. BLANCHARD, Respondent.

Statute of Limitations—Debt Created in Another State.—When a debt is contracted in another state by a person who afterwards removes to this state, the statute of limitations begins to run against the debt at the time when the cause of action accrued where the debt was created, and not at the time of the debtor's arrival in this state.

Appeal from Washington County.

In July, 1866, the respondent, in the city of Chicago, Ill., executed his promissory note to the appellants, promising to pay to them or their order, at their office in said city, on or before the first day of July, 1867, the sum of sixty-four dollars ($64.00), with interest on the same from date until paid, at the rate of seven per cent. per annum; that said note is due, and only the sum of eighteen dollars and eighteen cents has been paid on said note, which was paid and indorsed thereon on the twenty-ninth day of November, 1871, etc.

The complaint alleges "that the defendant has resided in this state for three years last past and no longer."

The respondent appeared and filed a demurrer to the complaint, alleging only the following cause of demurrer, to wit: "That the action has not been commenced within the time limited by the laws of Oregon."

The demurrer was sustained and the respondent had judgment, from which this appeal is taken.

*Bonham & Ramsey, T. H. Tongue,* for appellants:

It is well settled that the *lex loci contractus* governs as to the validity, interpretation and obligatory force of personal contracts, and that the *lex fori* prevails as to the remedy on such contracts, and the time within which actions upon them must be instituted. (Angell on Limitations, secs. 64–67; Story on Conflict of Laws, secs. 556, 572.)

The authorities concur in holding that the statute of limitations pertains to the remedy, and that the question whether the note in this cause is barred or not is to be determined by the statute of this state. (Angell on Limitations, sec. 65; *McArthur* v. *Goddin,* Law Register for November, 1876, 672; Story on Conflict of Laws, secs. 576, 577.) The statute merely suspends the remedy, it does not extinguish the right. (*Myer* v. *Beal,* 5 Or. 130.)

The Civil Code (sec. 16) provides that "if, when the cause of action shall accrue against any person who shall be out of the state, or concealed therein, such action may

be commenced within the terms herein respectively limited, after the return of such person into the state," etc. This statute declares in effect that if, when the action accrued, the defendant was out of the state, the action may be commenced any time within six years after he came or "returned" into the state. (11 Pick. 36; 6 Cush. 239; 21 Barb. 359; 18 Ala. 248; 3 Johns. 264; 14 Mass. 203; 6 Vt. 127; 19 Id. 178, 209; 10 Mass. 30; 17 Id. 180; 14 Id. 203; 16 Pick. 363; Angell on Lim., secs. 66, 67; 8 Pet. U. S. 361; 4 Wheat. 122, 200, 207; 11 Id. 361; 13 Pet. 313; 9 How. U. S. 407; 7 Mo. 241; 2 Tex. 414; 38 Me. 179; 13 Gray, 535; 2 Parsons on Notes, 282; 4 Or. 105; 5 Nev. 238; 10 N. Y. 106; 18 Iowa, 224.)

The phrase "after the return of such person into the state," used in section 16 of the code, *supra*, applies to the original coming into the state by a person who had never been here before as well as to the coming into the state by a person who had been here before. (3 Par. on Con. 96; 3 Johns. 261; 14 Mass. 203; Angell on Lim. 207–9.)

The defendant does not rely upon the statute of limitations of the state of Illinois, and has not pleaded it. The statute of another state must be pleaded, like any other fact, or it is waived. (Secs. 69 and 70, p. 119, of the code; Angell on Lim. sec. 285; Estee on Pl. 247.)

*T. B. Handley*, for respondent submits:

1. The construction given by the courts below is correct. The exceptions made in section 16 to the rule in section 6 do not include the case of a non-resident who incurs a liability and thereafter becomes a resident of this state. Any other construction would render section 26 of the same chapter nugatory. The court will not make exceptions to a statute of limitations. (*Beaubien* v. *Beaubien*, 23 How. 190; *Humbert* v. *Trinity Church*, 24 Wend. 587; *Bacon* v. *Howard*, 20 How. 23.)

2. It lies upon the plaintiff to aver and prove the facts which create an exception to the rule of the statute. (*Ford* v. *Babcock*, 2 Sandf. 318; *Huntington* v. *Brinckerhoof*, 10 Wend. 278; *Perin* v. *Garfield*, 37 Vt. 304.) An allegation

that defendant was not a "resident of Oregon" does not imply that he was not within the state. (*Drew* v. *Drew,* 37 Me. 217; *Bucknam* v. *Thompson,* 38 Id. 171; *Smith* v. *Harrow,* 3 Bibb, Ky. 446.)

By the Court, PRIM, J.:

The only question presented for determination in this case, is whether the note upon which this action is based was barred by the statute of limitations. It was executed in the state of Illinois, on the twenty-fifth day of July, 1866, and was payable to the appellants or order at their office in Chicago on the first day of July, 1867. At the time when this cause of action accrued all of these parties were residents of the state of Illinois, and continued to be so until about three years prior to the commencement of this action since which time respondent has resided in this state.

Section 6 of our code, page 106, provides that actions upon contracts not under seal must be commenced within six years after the cause of action accrued. More than six years had elapsed prior to the commencement of this action and since the right of action accrued, but it is claimed that it comes within the exceptions contained in section 16, which are in these words: "If when the cause of action shall accrue against any person who shall be out of the state, or concealed therein, such action may be commenced within the terms herein respectively limited after the return of such person into the state, or the time of his concealment, and if after such cause of action shall have accrued, such person shall depart from and reside out of this state, or conceal himself, the time of his absence or concealment shall not be deemed or taken as any part of the time limited for the commencement of such action." It will be seen that this section provides for two classes of persons excepted out of the general rule contained in the various sections, in which the respective actions are therein limited:

1. If a person shall be out of the state or concealed therein when the cause of action accrues, such action may be commenced against him within the terms therein re-

spectively limited after his return to the state, or after his concealment.

2. If after a cause of action shall have accrued, such person shall depart from and reside out of this state, or conceal himself, the time of his absence or concealment shall not be deemed or taken as any part of the time limited for the commencement of such action.

It will be seen that non-residents are not embraced in either of these exceptions, nor do we think that it was intended by the legislature that they should be; and this becomes more evident when we take into consideration section 6, which is in these words: "When the cause of action has arisen in another state, territory or country, between non-residents of this state, and by the laws of the state, territory or country where the cause of action arose, an action can not be maintained thereon by reason of the lapse of time, no action shall be maintained thereon in this state." These sections being *pari materia* must be construed together.

The statutes of New York and Massachusetts contain the same provisions substantially adopted in section 16 of our code, but not the provision of section 26. Their courts hold that these provisions apply to both residents and non-residents. To adopt their construction of these provisions would render the provisions of section 26 of our code nugatory. *Ruggles* v. *Keeler*, 3 Johns. 265, is one of the early cases decided in New York by Judge Kent in 1808, and the courts of that state and Massachusetts have followed that decision ever since. It was held in that case that although the cause of action was barred in the state in which it arose, it was not barred in the state of New York, unless the party had been in that state six years prior to the commencement of the action. The doctrine announced in that case is denied in the state of Texas. (3 Texas 106.)

It was held there that the statute of limitations begins to run on debts contracted in another country, by a person who afterwards removes to that state, at the time when the cause of action accrued there, and not at the time of the debtor's arrival in Texas—that if a law passed by the legis-

lature of Texas is similar in its terms to a law of other countries or states, the courts of the state are not obliged to give it the same construction.

Not having either the book in which the case is reported, or the statute of Texas before us, we are unable to ascertain what the provisions of the Texas statute are, but infer from the digest that they are similar to those in New York.

We have reached the conclusion that the provisions of section 16 of our code considered in connection with section 26 should be construed to apply to residents only. We therefore hold that the statute of limitations of this state began to run on the note upon which this action is based, at the time when the cause of action accrued in Illinois, and not at the time when the respondent arrived in this state.