[Argued July 13, 1893; decided July 24, 1893.]

## CRANE *v.* JONES.

[S. C. 33 Pac. Rep. 869.]

LIMITATION OF ACTIONS—CODE, §§ 16, 26.—The limitation imposed by section 16 of Hill's Code, when considered in connection with section 26, does not apply to a defendant who was a non-resident of the state at the time the cause of action arose. *McCormick* v. *Blanchard*, 7 Or. 232, approved and followed.

Marion County: GEO. H. BURNETT, Judge.

This is an action by M. L. Crane against C. L. Jones. as endorser of a promissory note for one hundred and fifty dollars, dated the twenty-ninth of April, 1879, executed and made payable in the province of Ontario, Canada, due one month after date. The complaint alleges that soon after the maturity of the note the defendant came to the United States, and for more than nine years prior to the commencement of this action was concealed within the State of Oregon, under an assumed name, and his whereabouts unknown to the plaintiff until a short time before this action was commenced. A demurrer to the complaint was sustained by the court below on the ground that the action is barred by the statute of limitations, and plaintiff appeals. Affirmed.

*Wm. H. Holmes* (*B. F. Bonham* on the brief), for Appellant.

The only question for decision is whether sufficient is alleged to show that the defendant had "concealed" himself in this state, so as to bring him within the exception of the statute, section 16, Hill's Code. We maintain that it does, as that section has been construed by this court and the supreme courts of Kansas and Missouri: *Rhotan* v. *Mendenhall*, 17 Or. 199; *Harper* v. *Pope*, 9 Mo. 402; *Frey* v. *Aultman*, 30 Kan. 181; Wood on Limitations, § 249. Un-

der these authorities, we think the fact of the defendant having assumed a false name, under which he was known for nine years in Oregon, was an affirmative act on his part which obscured his identity and amounted to a concealment within the meaning of the law.

*John W. Whalley,* and *Granville G. Ames* (*R. S. Strahan,* and *M. L. Pipes* on the brief), for Respondent.

PER CURIAM.—The only question for decision is, whether section 16 of Hill's Code is designed to apply to a defendant who was a non-resident of the state at the time the cause of action arose. This question was considered in *McCormick* v. *Blanchard,* 7 Or. 232, and it was there held that section 16, when considered in connection with section 26, should be construed to apply to residents only, and this is decisive of the question now presented unless that case is to be overruled, and this, as at present advised, we are not prepared to do. Judgment AFFIRMED.