Decided 26 June, 1899.

## VAN SANTVOORD *v.* ROETHLER.

[57 Pac. 628.]

ACTION ON FOREIGN JUDGMENT—LIMITATIONS.—Where a cause of action accrues in another state against a nonresident, who afterwards becomes a resident, the statute of limitations of Oregon commences to run from the time the cause of action accrued in the other state, whether it be on a simple contract or on a judgment; and Hill's Ann. Laws, § 16, which eliminates the time that the defendant may be out of the state in computing the time the statute has run, has no application to a cause of action which accrued when defendant was a nonresident: *Crane* v. *Jones,* 24 Or. 419, followed.

From Baker :   ROBERT EAKIN, Judge.

Action by Seymour Van Santvoord and another, as receivers, against Peter Roethler.   From a judgment in favor of defendant, plaintiffs appealed.

AFFIRMED.

For appellants there was a brief over the names of *J. B. Messick* and *Wm. H. Packwood Jr.*, with an oral argument by *Mr. Messick.*

For respondent there was a brief over the name of *Smith & Heilner*, with an oral argument by *Mr. Jos. J. Heilner.*

MR. CHIEF JUSTICE WOLVERTON delivered the opinion.

This is an action upon a judgment of a sister state. The complaint recites, in brief, that the plaintiffs are receivers of the Walter A. Wood Mowing & Reaping Machine Company, a corporation ;   that on the fourth day of March, 1886, in the District Court for Brule County, Dakota Territory, the said company recovered a judgment against the defendant for the sum of $272.10, which was duly docketed on the nineteenth day of March, 1886; that on the fourteenth day of December, 1889, an execution was issued thereon, and thereafter returned *nulla*

*bona;* that it is now a good, valid, and subsisting judgment of the State of South Dakota, and at all times since its rendition was and now is in full force and effect; that plaintiffs are informed and believe, and therefore allege, that the defendant left the State of South Dakota during the year 1890, returning to the State of Oregon in said year, and that he then and there, and at such time, acquired a residence therein, and about 1891 removed and departed therefrom and lost his residence therein, and resided elsewhere, for a period of about three years, but thereafter returned to the said State of Oregon, and has ever since resided within its borders; that defendant was out of, and absent from, this state at the time of the rendition of said judgment, and did not come or return thereto until less than ten years prior to the commencement of this action; that at no time prior to June 29, 1897, had defendant any real or personal property within the State of Oregon upon which the plaintiffs, or either of them, could secure the necessary lien to enable them to bring an action against him while a nonresident. A general demurrer was interposed to the complaint on the grounds—First, that it does not state facts sufficient to constitute a cause of action; and, second, that the action has not been commenced within the time limited by law. The demurrer was sustained, and, judgment having been entered dismissing the complaint, plaintiffs appeal.

The sole question we are called on to consider is whether the statute of limitations has run against the action. More than ten years have elapsed since the judgment which is the foundation of the action was rendered in Dakota. The plaintiffs seek to bring themselves within the exception created by Section 16, Hill's Ann. Laws, eliminating the time that the defendant was out of this state in a computation of the statutory period of limitation. It may be inferred from the complaint,

however, that the defendant was a nonresident of the state at the time the action accrued. Such being the case, *McCormick* v. *Blanchard*, 7 Or. 232, and *Crane* v. *Jones*, 24 Or. 419 (33 Pac. 869), are decisive of the controversy. The appellants question the soundness of these cases, and, while we might be disposed to agree with them were it a matter of first impression, we are now bound by the rule of *stare decisis*. If the practice is to be changed after it has been in vogue for so long a time, it should be by the legislature rather than by the courts. It is urged, as the judgment sued on was in full force in Dakota when the action was commenced here, and being a judgment of a sister state, that the consideration of Section 26, Hill's Ann. Laws, should be eliminated in construing the provisions of section 16, touching the statute of limitations. But it is not apparent how this could affect the question. It is quite possible to obtain a judgment in a sister state against a resident of this state, and the statute of limitations, as construed by the cases above cited, would therefore have like application where the action is upon a judgment of a sister state as upon a simple contract. It is the statute of limitations of the forum which controls, unless, as between nonresidents, the statute of the state, territory, or country where the cause arose is set up within the purview of said section 26, and the fact that the judgment is in full force where rendered does not change the issue : 2 Black, Judgm. § 892. These considerations affirm the judgment of the court below, and it is so ordered.                    Affirmed.