Submitted on brief January 10, affirmed January 22, 1918.

## FARGO v. DICKOVER.*

(170 Pac. 289.)

**Judgment—Suit on Foreign Judgment—Limitations.**

1. Under Section 3, L. O. L., providing that actions at law shall only be commenced within the periods prescribed after the cause of action shall have accrued, except where a different limitation is prescribed, Section 5 barring actions upon judgment or decrees of any court of the United States or of any state or territory in ten years, and Section 16 providing that if when the cause of action shall accrue against any person who shall be out of the state such action

---

*On the question of applicability to nonresidents of provision suspending limitations against defendant who is out of the state, until his return, see note in 25 L. R. A. (N. S.) 24.      REPORTER.

may be commenced within the term herein limited after the return of such person into the state, etc., although the judgment defendants had resided within the state less than ten years, and the action on the judgment was not barred in the state where the judgment was rendered, it would be barred here where more than ten years had expired since the judgment was rendered, Section 16 being inapplicable to a nonresident.

[As to when the statute of limitations begins to run against an action on a judgment, see note in Ann. Cas. 1916C, 625.]

From Multnomah: ROBERT G. MORROW, Judge.

This is an action by J. W. Fargo against Joseph B. Dickover and Josiah C. Dickover. From a judgment in favor of defendants, plaintiff appealed. Submitted on brief under the proviso of Supreme Court Rule 18: 56 Or. 622 (117 Pac. xi).

In Banc.    Statement by MR. JUSTICE McCAMANT.

This action was brought in the Circuit Court for Multnomah County June 15, 1915. Plaintiff pleads that he is assignee of a judgment recovered against defendants November 26, 1895, in a court of general jurisdiction in South Dakota; that under the law of that state an action on such judgment may be brought at any time within twenty years from the date of its rendition; that defendants have resided in Oregon less than ten years. Defendants demurred on the ground that the action was barred by the statute of limitations. This demurrer was sustained and judgment was entered in favor of defendants. Plaintiff appeals.

AFFIRMED.

For appellant there was a brief submitted by *Messrs. Clark, Geneste & Harrison.*

For respondents there was a brief over the name of *Mr. F. H. Whitfield.*

MR. JUSTICE McCAMANT delivered the opinion of the court.

1. The questions raised on this appeal involve the construction of our statute of limitations. Sections 3 and 5, L. O. L., are in part as follows:

"§ 3. Actions at law shall only be commenced within the periods prescribed in this title, after the cause of action shall have accrued; except where, in special cases, a different limitation is prescribed by statute."

"§ 5. Within ten years,—

"1. An action upon a judgment or decree of any court of the United States, or of any state or territory within the United States."

If there be nothing to defeat the bar of the above statute, it is clear that the lower court was right in sustaining the demurrer. The only contention open to plaintiff is that the effect of this statute is modified by Section 16, L. O. L.:

"If, when the cause of action shall accrue against any person who shall be out of the state or concealed therein, such action may be commenced within the terms herein respectively limited, after the return of such person into the state, or the time of his concealment; and if, after such cause of action shall have accrued, such person shall depart from and reside out of this state, or conceal himself, the time of his absence or concealment shall not be deemed or taken as any part of the time limited for the commencement of such action."

It has been held three times that this latter statute is inapplicable to nonresidents: *McCormick* v. *Blanchard,* 7 Or. 232; *Crane* v. *Jones,* 24 Or. 419 (33 Pac. 869); *Van Santvoord* v. *Roethler,* 35 Or. 250 (57 Pac. 628, 76 Am. St. Rep. 472). The last of these cases was an action on a judgment secured in a court of another state; the case is squarely in point on the facts and

is decisive of the controversy unless it has been overruled.

The only Oregon case relied on by plaintiff is *Jamieson* v. *Potts,* 55 Or. 292 (105 Pac. 93, 25 L. R. A. (N. S.) 24). The defendant in that case was a nonresident who executed two promissory notes within this state and departed from Oregon before their maturity. He was without the state when the cause of action accrued and resided without the state continuously until the action was brought. The payee of the notes and plaintiff to whom they were indorsed at all times resided in Oregon. The action was brought thirteen years after the maturity of the notes. Under these facts it was held that the case fell within the protection of Section 16, L. O. L., and that the statute of limitations did not bar the action. Mr. Justice SLATER said:

"Defendant was in the state when he executed and delivered each of the notes to a resident thereof. It is therefore a domestic, and not a foreign contract. He departed from the state, and after the cause of action accrued, he came again into the state, although for a transient and temporary purpose. It can therefore be said that he 'returned' to the state."

This language manifests an intention to distinguish rather than to overrule.

While other portions of the opinion cite with approval authorities which are out of harmony with the rules announced in *McCormick* v. *Blanchard,* 7 Or. 232, *Crane* v. *Jones,* 24 Or. 419 (33 Pac. 869), and *Van Santvoord* v. *Roethler,* 35 Or. 250 (57 Pac. 628, 76 Am. St. Rep. 472), we do not think that *Jamieson* v. *Potts* should be treated as overruling these cases. The case of *Jamieson* v. *Potts* will be followed whenever a similar state of facts shall arise, but we still

hold that Section 16, L. O. L., is without application to a cause of action arising in another state between nonresidents of Oregon.

The Circuit Court did not err in sustaining the demurrer and the judgment is affirmed.     AFFIRMED.