Argued March 20, affirmed April 8, 1919.

IN RE WEMPLE'S ESTATE.

JENNINGS *v.* STEARNS.

(179 Pac. 674.)

**Limitation of Actions—Suspension of Statute—Absence from State.**

1. Where decedent, a resident of Michigan, in April, 1906, in that state, borrowed money from plaintiff, also a resident of Michigan, and plaintiff in August, 1909, demanded payment of the debt in Iowa, and a partial payment was made, and thereafter deceased removed to Oregon in April, 1910, where she resided until her death in September,

1915, plaintiff was not relieved from the effect of the statute of limitations by Section 16, L. O. L., relating to the suspension of the statute by absence from state.

> [As to exception in statute of limitations as to time defendant is absent from the state as applicable to nonresidence at time of accrual of action, see note in Ann. Cas. 1912D, 467.]

From Multnomah: EDWIN V. LITTLEFIELD, Judge.

Department 1.

On August 10, 1916, plaintiff presented to the executor of the estate of Alice Edna Wemple, deceased, her claim against the same, for borrowed money, in the sum of $900 with interest thereon. The statement of the claim disclosed upon its face that the money had been borrowed on April 5, 1906, and that a payment of $50 had been made upon the debt, the date of which did not appear therein. The claim was rejected by the executor, as barred by the statute of limitations. Plaintiff then took the proper steps to present the matter to the County Court, where the claim was again rejected upon the same ground. An appeal was then taken to the Circuit Court with a like result, and from the judgment therein, this appeal is taken.

The facts, as disclosed by the record, are substantially as follows: On April 5, 1906, in the State of Michigan, the decedent borrowed from plaintiff the sum of $950, both parties being then residents of Michigan. On August 1, 1909, plaintiff demanded payment of the debt in the State of Iowa, and a payment of $50 was made. The decedent removed from Iowa to Oregon in the month of April, 1910, where she continued to reside until her death, which occurred on September 29, 1915.                    AFFIRMED.

For appellant there was a brief over the names of *Mr. F. C. Howell* and *Messrs. Wilbur, Spencer & Beckett,* with an oral argument by *Mr. Howell.*

For respondent there was a brief and an oral argument by *Mr. J. O. Stearns, Jr.*

BENSON, J.—The one legal question presented by this appeal is as to whether or not Section 16, L. O. L., relieves the plaintiff from the effect of the statute of limitations. The latest interpretation of Section 16, L. O. L., by this court, is found in the case of *Fargo v. Dickover,* 87 Or. 215 (170 Pac. 289), which was decided after the plaintiff herein had filed her brief. We might well rest our conclusion in the present discussion upon the opinion just mentioned, but the ability and force of plaintiff's argument, and the contention that this court has held otherwise in *Jamieson v. Potts,* 55 Or. 292 (105 Pac. 93, 25 L. R. A. (N. S.) 24), justifies a serious consideration of the attitude of this court upon the important subject under discussion. It was first presented in the case of *McCormick v. Blanchard,* 7 Or. 232. The facts in that litigation were, that in July, 1866, in Chicago, Blanchard executed his promissory note in favor of plaintiff, payable on or before July 1, 1867. A payment was made on November 29, 1871. Defendant moved to Oregon three years before the action was commenced. The conclusion of this court in an opinion written by Mr. Justice PRIM is succinctly stated in the syllabus, thus:

"When a debt is contracted in another state by a person who afterwards removes to this state, the statute of limitations begins to run against the debt at the time when the cause of action accrued where the debt was created, and not at the time of the debtor's arrival in this state."

Then came the case of *Crane v. Jones,* 24 Or. 419 (33 Pac. 869). Here we find the facts disclosed thus: The defendant, in April, 1879, indorsed a promis-

sory note to plaintiff in Canada, the note being payable one month after date. Shortly after the maturity of the note, defendant removed to Oregon, and for more than nine years was concealed within the state under an assumed name. This court again held that Section 16 does not apply to nonresidents, basing the conclusion upon the authority of *McCormick* v. *Blanchard,* 7 Or. 232, without comment.

Then followed the case of *Van Santvoord* v. *Roethler,* 35 Or. 250 (57 Pac. 628, 76 Am. St. Rep. 472), wherein the plaintiff obtained a judgment against the defendant in territory that is now the State of South Dakota, on March 4, 1886. Defendant left South Dakota in 1890, coming to Oregon, from which state he departed in 1891, residing elsewhere for about three years, and then returned to this state and continued to reside here. When the action was begun here, upon the judgment, more than ten years had elapsed since the rendition of the judgment in South Dakota, and this court, expressly following the cases of *McCormick* v. *Blanchard,* 7 Or. 232, and *Crane* v. *Jones,* 24 Or. 419 (33 Pac. 869), in an opinion by Mr. Chief Justice WOLVERTON, says:

"The appellants question the soundness of these cases, and, while we might be disposed to agree with them were it a matter of first impression, we are now bound by the rule of *stare decisis.* If the practice is to be changed after it has been in vogue for so long a time, it should be by the legislature rather than by the courts."

We come now to a consideration of the case upon which plaintiff relies, *Jamieson* v. *Potts,* 55 Or. 292 (105 Pac. 93, 25 L. R. A. (N. S.) 24). In this case the facts are, that there were two notes sued upon, one being dated November 22, 1891, payable February 15,

1892, and the other dated February 2, 1893, and payable May 1, 1893. At the date of the first note, defendant was in Umatilla County, purchasing cattle, the note being for the purchase price of cattle. Two weeks later he left the state and did not return until January 15, 1893, when he remained for about four weeks, during which time he purchased more cattle, for which he gave the second note in payment. He again left the state and did not again return until a few days before the commencement of the action. The opinion by Mr. Justice SLATER, after quoting Section 16, L. O. L., proceeds thus:

"The facts of the present case come within the literal terms of the first clause of this section, for the defendant was out of the state when each of the causes of action accrued, and the term 'any person,' used in the statute, would ordinarily include a nonresident as well as a resident of the state. Defendant was in the state when he executed and delivered each of the notes and a resident thereof. It is therefore a domestic and not a foreign contract. He departed from the state, and after the cause of action accrued, he came again into the state, although for a transient and temporary purpose. It can therefore be said that he 'returned' to the state."

Proceeding, the opinion, after criticising to some extent the logic of *McCormick* v. *Blanchard,* 7 Or. 232, continues thus:

"We are of the opinion, however, that the declaration there made was more comprehensive than was necessary under the facts of that case, and perhaps broader than was intended. Under either view it is not binding upon us as applied to the facts now presented. The opinion in *McCormick* v. *Blanchard,* 7 Or. 232, must be interpreted and controlled by the facts of that case. The cause of action arose in the State of Illinois, between nonresidents of this state. The par-

ties continued to reside there until about three years prior to the commencement of the action, when the debtor of the action, removed to, and thereafter resided in this state.''

These excerpts from the opinion disclose quite clearly a purpose, not to overrule the doctrine announced in *McCormick* v. *Blanchard,* 7 Or. 232, but to distinguish it *upon the facts.* It will be observed that the facts in the case at bar are, in effect, identical with those in the case of *McCormick* v. *Blanchard,* 7 Or. 232.

In the case of *Fargo* v. *Dickover,* 87 Or. 215 (170 Pac. 289), this court, after mature consideration, determined to adhere to the doctrine announced in the opinion of *McCormick* v. *Blanchard,* 7 Or. 232. In the opinion, Mr. Justice McCamant, speaking for the court, says:

''We do not think that *Jamieson* v. *Potts,* 55 Or. 292 (105 Pac. 93, 25 L. R. A. (N. S.) 24), should be treated as overruling these cases. The case of *Jamieson* v. *Potts* will be followed whenever a similar state of facts shall arise, but we still hold that Section 16, L. O. L., is without application to a cause of action arising in another state between nonresidents of Oregon.''

It follows that the judgment of the lower court must be affirmed, and it is so ordered.          Affirmed.

McBride, C. J., and Burnett and Harris, JJ., concur.