Laura CONNER and Clarence H. Conner,
Appellants,

v.

Oren W. SPENCER, Appellee.

No. 17615.

United States Court of Appeals
Ninth Circuit.

June 1, 1962.

Kent B. Power and William R. Padgett, Boise, Idaho, and F. Leo Smith, Portland, Or., for appellants.

Koerner, Young, McColloch & Dezendorf, John Gordon Gearin, and James H. Clarke, Portland, Or., for appellee.

Before BARNES, HAMLEY and BROWNING, Circuit Judges.

**BROWNING, Circuit Judge.**

In 1955 appellants and appellee were involved in an automobile accident in the State of Idaho. They were all then residents of that state. In 1956 appellee moved to Oregon, where he has since resided. In 1960 appellants filed this personal injury action against appellee in the District Court for the District of Oregon. That Court held that the action was barred by the statute of limitations and dismissed it. We affirm.

■ It is conceded that in this diversity suit the District Court was required to apply the law of the State of Oregon, including its rules of conflict of laws [see Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941)] and, specifically, its choice of law rules as to the proper period of limitations [see Hall v. Copco Pacific, Ltd., 224 F.2d 884, 885 (9th Cir. 1955); Zellmer v. Acme Brewing Co., 184 F.2d 940, 942 (9th Cir. 1950)]. It is clear that Oregon follows the universal rule that except as otherwise expressly provided by its statutes foreign causes of action sued upon in Oregon courts are subject to the limitations periods applicable to comparable local causes of action. See Van Santvoord v. Roethler, 35 Or. 250, 57 P. 628 (1899). The Oregon period of limitations applicable to personal injury actions is two years (Or.Rev.Stat. 12.110), and the present suit was therefore barred unless saved by some other provision of Oregon law.

Oregon has a so-called "tolling statute" which provides that "if, when a cause of action accrues against any person, he is out of the state or concealed therein, such action may be commenced within the applicable period of limitation in this chapter after his return into the state, or the time of his concealment * * *." (Or. Rev.Stat. 12.150). It is not suggested that appellee concealed himself; the Oregon statute of limitations was tolled, if at all, by appellee's absence from the state.

■ Under the majority rule a tolling statute applies to foreign as well as domestic causes of action and to nonresidents as well as residents. However, under the Oregon rule, the statute of limitations on this cause of action which accrued outside Oregon between nonresidents was not tolled before defendant arrived in the State of Oregon. Compare Note, 35 Colum.L.Rev. 762, 763 (1935); 34 Am.Jur., Limitation of Actions, § 224, at 181–182 (majority rule), with In re Wemple's Estate, 92 Or. 41, 179 P. 674 (1919); Fargo v. Dickover, 87 Or. 215, 170 P. 289 (1918) (Oregon rule). See also Alaska Credit Bureau of Juneau v. Fenner, 80 F.Supp. 7, 10–11, 12 Alaska 158 (1948).

Even if Oregon followed the general rule, it would not help appellants here, since they filed suit more than two years after appellee took up residence in Oregon.

Oregon also has a "borrowing" statute, which provides that "when the cause of action has arisen in another state * * * between nonresidents of this state, and by the laws of the state * * * where the cause of action arose, an action cannot be maintained thereon by reason of the lapse of time, no action shall be maintained thereon in this state." (Or.Rev. Stat. 12.260.) The period of limitations on personal injury actions in Idaho is two years. Idaho Code § 5–219(4). In addition, Idaho has a tolling statute which provides that "if, after the cause of action accrues, [the defendant] departs from the state, the time of his absence is not part of the time limited for the commencement of the action." Idaho Code § 5–229.

■ Appellee argues that Oregon's borrowing statute borrows only Idaho's limitation period and not its tolling statute, but the majority rule is to the contrary, and we will assume that Oregon would adhere "to the general principle that the borrowed statute of limitations is accepted with all its accouterments" [American Surety Co. v. Gainfort, 219 F.2d 111, 112 (2d Cir. 1955)], and would hold that the Idaho limitation applicable to the present action was the two-year

period provided by Idaho Code § 5-219 (4) as extended by the tolling provisions of Idaho Code § 5-229. See also Seaboard Terminals Corp. v. Standard Oil Co., 24 F.Supp. 1018, 1020 (S.D.N.Y. 1938), aff'd 104 F.2d 659 (2d Cir. 1939), and cases collected in 75 A.L.R. 203, 228 (1931), and 149 A.L.R. 1224, 1231 (1944).

 However, it is also the general view that the foreign statute of limitations is borrowed only to the extent that it shortens the period of limitations of the forum. The purpose of the borrowing statutes is simply "to bar the action at the forum if it is barred in the jurisdiction where the cause of action arose." Zellmer v. Acme Brewing Co., 184 F.2d 940, 942 n. 4 (9th Cir. 1950).

Borrowing statutes do not alter the "well-established principle of conflict of laws that 'If action is barred by the statute of limitations of the forum, no action can be maintained though action is not barred in the state where the cause of action arose.'" Order of United Commercial Travelers, of America v. Wolfe, 331 U.S. 586, 607, 67 S.Ct. 1355, 91 L.Ed. 1687 (1947). "The policy of a statute of limitations is to confine actions in the local courts to a period within which it is believed substantial justice between the parties can be administered." Restatement, Conflict of Laws § 603, Comment a (1934). Thus the statute of limitations of the forum provides an ultimate limitation upon the period within which suit may be brought in its courts, even though by operation of a tolling statute the period of limitations on the cause of action has not yet expired in the jurisdiction in which it accrued. American Surety Co. v. Gainfort, 219 F.2d 111 (2d Cir. 1955); Panhandle Eastern Pipe Line Co. v. Parish, 168 F.2d 238, 241-242 (10th Cir. 1948); 11 Am.Jur., Conflict of Laws, § 197 at 511; cases collected in 75 A.L.R. 203, 231-232 (1931) and 149 A.L.R. 1224, 1237-1238 (1944).

The general rule that the foreign period of limitations may not lengthen the period for suit in the forum has one exception. The foreign period of limitations may extend the limitation period applicable to similar actions in the forum if the cause of action originates in a foreign statute which makes the limitation an integral part of the right itself. Lewis v. Reconstruction Finance Corp., 85 U.S.App.D.C. 339, 177 F.2d 654, 656 (1949), and cases cited at 655 n. 4; cases collected in 67 A.L.R.2d 216 (1959). Cf. Calvin v. West Coast Power Co., 44 F.Supp. 783, 788-790 (D.Or. 1942). But cf. Wells v. Simonds Abrasives Co., 345 U.S. 514, 517-519, 73 S.Ct. 856, 97 L.Ed. 1211 (1953); Zellmer v. Acme Brewing Co., 184 F.2d 940, 943 (9th Cir. 1950). That exception is not applicable here.

We conclude that the Supreme Court of Oregon would hold that the present action is barred by Oregon's two-year statute of limitations. The judgment of the District Court is affirmed.