Argued December 3, 1974, affirmed January 23, 1975

# NEWHOUSE, *Appellant, v.* NEWHOUSE, *Respondent.*

530 P2d 848

110

*Stephen D. Brown,* Eugene, argued the cause for appellant. With him on the brief were Gildea & Mc-Gavic, P.C.

*J. C. Van Voorhees,* of Bodie, Minturn, Van Voorhees & Larson, Prineville, argued the cause and filed a brief for respondent.

Before O'CONNELL, Chief Justice, and McALLISTER, HOLMAN, TONGUE, HOWELL and BRYSON, Justices, and SLOPER, Justice pro tempore.

McALLISTER, J.

This is a proceeding to register an Iowa judgment in Oregon pursuant to the Uniform Enforcement of Foreign Judgments Act, ORS Chapter 24. The trial court set aside the registration on the ground that it was not commenced within the time allowed for bringing an action on a foreign judgment in this state. ORS 24.020 and ORS 12.070.

The plaintiff Miriam I. Newhouse was granted a divorce in Story County, Iowa by a decree entered on May 23, 1951, which decreed that defendant Harold L. Newhouse pay to plaintiff $80 per month for the support of two minor children, Norman and Lauretta, until they reached the age of 18 years. It was agreed

that the obligation to support Norman ended on September 7, 1960 and to support Lauretta ended on August 24, 1963.

The plaintiff registered the Iowa decree in Lane County on July 17, 1973 and began this proceeding in the Circuit Court for Lane County to obtain a final personal judgment against defendant for $19,660, the amount alleged to be due and unpaid pursuant to the Iowa decree. Venue of the proceeding was changed to Crook County where defendant resided.

In response to plaintiff's petition defendant alleged that the Iowa judgment was barred by ORS 12.070, which provides that an action on a foreign judgment shall be commenced within 10 years.

It was agreed that an Iowa judgment is valid in Iowa for 20 years. Iowa Code 614.1 (7). It was stipulated that child support payments required by the Iowa decree became a judgment when they became due in the same manner as child support payments become a judgment in Oregon. We quote from *Shannon v. Shannon,* 193 Or 575, 580, 238 P2d 744, 239 P2d 993 (1952), as follows:

> "* * * The Oregon decisions have with equal clarity established the rule that each installment which comes due under a decree for the payment of support money or alimony constitutes a separate and final judgment and that the statute of limitations begins to run as to each installment from the due date thereof. *Cousineau v. Cousineau,* 155 Or 184, 63 P2d 897; *Stephens v. Stephens et al.,* 170 Or 363, 132 P2d 992; *Cogswell v. Cogswell et al.,* 178 Or 417, 167 P2d 324."

After a hearing, the trial court on April 30, 1974 set aside the registration of the Iowa judgment on the ground that the attempt to register it was not

commenced within the 10 years allowed for bringing an action on a foreign judgment.

Plaintiff appeals and contends that the trial court, in finding that the Iowa judgment was barred by the Oregon statute of limitations, ORS 12.070, violated plaintiff's rights under the full faith and credit clause and the equal protection clause of the Constitution of the United States.

■■ It has long been settled that a forum state may apply its own statute of limitations to actions seeking to enforce foreign judgments since such a limitation is procedural rather than substantive in nature. *Bacon v. Howard,* 20 How 22, 15 L Ed 811 (1857); *M'Elmoyle v. Cohen,* 13 Pet 312, 10 L Ed 177 (1839); II Black on Judgments 1320-1321 (2d ed 1902); 3 Freeman on Judgments 2994 (5th ed 1925); Annotation, Foreign Judgment—Time Limitations, 36 ALR2d 567, 569, 578; 47 Am Jur 2d 60-61, Judgments § 953. Consequently, the forum state may properly bar an action on a foreign judgment where its own time limitation has elapsed even though the action is not barred by the law of the state rendering the judgment. *Bacon v. Howard,* supra; *M'Elmoyle v. Cohen,* supra; *Matanuska Valley Lines, Inc., v. Molitor,* 365 F2d 358, 359-360 (9th Cir 1966); *Fargo v. Dickover,* 87 Or 215, 170 P 289 (1918); *Van Santvoord v. Roethler,* 35 Or 250, 57 P 628 (1899); Annotation, supra, 36 ALR2d at 583. Furthermore, application of the forum's own time limitation to an action or suit upon a valid foreign judgment of a sister state does not violate the full faith and credit clause. U. S. Constitution, Art. IV, § 1; *M'Elmoyle v. Cohen,* supra; Annotation, supra, 36 ALR2d at 571; Annotation, Foreign Judgment— Time Limitations, 17 L Ed 2d 952, 954.

■ Plaintiff contends that ORS 12.070, the statute limiting actions on foreign judgments to 10 years, discriminates against plaintiff because "no such limitation exists for similar Oregon judgments". Plaintiff relies on *Mason v. Mason*, 148 Or 34, 34 P2d 328 (1934), which held that ORS 12.070 does not apply to a domestic judgment or decree.[1] This argument overlooks ORS 18.360 which provides that Oregon judgments, after a lapse of 10 years, "shall expire" and further provides a procedure for the renewal of a domestic judgment for an additional 10 years. ORS 18.-310 provides that ORS 18.360 "shall apply to decrees". If plaintiff's decree had been issued by an Oregon court to an Oregon resident it would have expired, if not renewed, after the lapse of 10 years. This is not a denial of equal protection.

Plaintiff also contends that she is denied equal protection because an Oregon judgment has "a potential life span" of 20 years if it is renewed, while a 10-year statute was applied to her 20-year Iowa judgment. Plaintiff relies on *Watkins v. Conway*, 385 US 188, 189, 87 S Ct 357, 17 L Ed 2d 286 (1966), which intimates in dicta that the court would not permit "the discriminatory application of a statute of limitations · to foreign actions." This argument overlooks the fact that if plaintiff had registered her judgment in Oregon within 10 years after it was entered in Iowa she could have obtained in Oregon a final personal judgment against defendant which would have been valid for 10 years and possibly could have been renewed for another 10 years, although we need not decide that

---

[1] The court did not hold, as stated in plaintiff's brief, that a 13-year-old decree "was valid". On the contrary, the court enjoined the issuance of an execution on the judgment. § 6.210 Or Code 1930, now ORS 18.310.

question in this case. If plaintiff had registered her judgment in Oregon within 10 years she would have received the same consideration as the holder of a domestic judgment. We see no denial of equal protection under these circumstances.

Plaintiff also contends that the court erred in failing to enter a judgment for the support payments from July 17, 1963 until August 24, 1963, the date on which Lauretta reached the age of 18 years, which amount the parties apparently assume to be $62.

■ Although the child support for that period was not barred by ORS 12.070, we cannot tell from the findings whether said sum has been paid. The record brought to this court did not include a transcript of testimony and in the absence of the testimony we cannot hold as a matter of law that the $62 has not been paid. Under the circumstances, we can grant plaintiff no relief and affirm the judgment.