Argued and submitted January 29, judgment of February 25, 1981, affirmed; supplemental judgment of March 13, 1981, reversed October 27, 1982

# AMES,
*Respondent,*

*v.*

# AMES,
*Appellant.*

## (No. 15-79-04860, CA A20531)

652 P2d 1280

Ronald B. Terzenbach, Eugene, argued the cause for appellant. With him on the brief was Jaqua & Wheatley, P.C., Eugene.

Ausey H. Robnett III, Eugene, argued the cause for respondent. With him on the brief was Atherly, Butler & Burgott, Eugene.

Before Buttler, Presiding Judge, and Warden and Warren, Judges.

WARDEN, J.

## WARDEN, J.

This is a proceeding to register a Florida judgment in Oregon pursuant to the provisions of the Uniform Enforcement of Foreign Judgments Act, ORS ch 24. The trial court granted the petition for registration, and defendant appeals, contending that the Florida judgment is not entitled to full faith and credit in Oregon and that the action is barred by the statute of limitations.

Plaintiff and defendant were married in Reno, Nevada, on October 18, 1952. They resided together in California until August 13, 1953, when they separated. In the early part of February, 1954, defendant left the state of California. Approximately two weeks later, on February 25, 1954, a daughter was born of the marriage. Plaintiff instituted divorce proceedings and obtained an interlocutory decree in Alameda County, California, on October 15, 1954. The decree awarded custody of the child to plaintiff, but did not provide for child support, because plaintiff had not known where defendant could be served and so was unable to obtain jurisdiction for an *in personam* judgment against him.

In 1962, plaintiff discovered that defendant was living in Miami, Florida, and initiated proceedings in California for child support under the Uniform Reciprocal Enforcement of Support Act. On April 23, 1962, an order for support was entered by the circuit court in Dade County, Florida. The order directed defendant to pay plaintiff $40 per month for the support and maintenance of the child. The order also required defendant to inform the Florida "Assistant State Attorney" of any change of address. Defendant made 14 of the required payments.

After several of the payments had become delinquent, the Alameda County Probation Department informed plaintiff that it had attempted to locate defendant but was unable to do so. Plaintiff made further inquiries in an effort to find him, but she was unsuccessful. Defendant changed residences many times after the support order was entered. He lived in several different trailer courts in the Miami area, moved to New York for two months in 1965 and then returned to Florida, residing in Fort Myers for a year and a half. In July, 1966, he moved to Portland, where

he lived for several years before moving to Eugene. Neither plaintiff nor the Florida authorities were notified by defendant of his changes of address.

On August 28, 1969, plaintiff wrote to the Alameda County Probation Department, informing them that defendant was no longer in the state of Florida, that she had no information of his whereabouts and that they should consider the case closed. A copy of this letter was sent to the Florida authorities. On October 10, 1969, the Florida circuit court in Dade County dismissed the case on the ground that the case in the initiating state, California, had been dismissed. Plaintiff was unaware that the case had been dismissed, and in fact, it had not been dismissed in California.

In 1976, defendant telephoned plaintiff and told her that he was living in Eugene, Oregon. On May 16, 1979, plaintiff filed a petition in the circuit court in Lane County for registration of the 1962 order of support entered by the Florida court. Defendant filed a demurrer to the petition on the ground that it did not state a claim upon which relief could be granted. The demurrer was sustained on July 30, 1979. Plaintiff then filed a motion for an extension of time within which to file an amended petition. The motion was granted, allowing plaintiff time to take action in Florida to set aside the 1969 order of dismissal and to reinstate the case in the Florida court. On November 1, 1979, the Florida court entered an order setting aside the order of dismissal and reinstating the April 3, 1962, support order. Plaintiff filed an amended petition in the Oregon court on November 8, 1979, requesting that the 1962 order of support be registered as a judgment in Oregon.

After trial to the court, an order was entered on February 25, 1981, awarding plaintiff judgment against defendant in the amount of $6,792.38 for child support accrued from April 13, 1962, to October 10, 1969, plus interest. On March 13, 1981, a supplemental judgment order was entered awarding plaintiff $2,033.04, the amount of child support accrued from October 10, 1969, to February 25, 1972, plus interest.

Defendant's first two assignments of error raise one issue: whether the trial court erred in holding that the

1962 order of support is entitled to full faith and credit in Oregon.

■ The Uniform Enforcement of Foreign Judgments Act establishes a summary procedure for converting a valid judgment of a sister state into an Oregon judgment enforceable in Oregon courts. *Stone v. Stone,* 268 Or 446, 449, 521 P2d 534 (1974). A valid foreign judgment is defined as:

> "Any judgment, decree or order of a court * * * which is entitled to full faith and credit in this state." ORS 24.105

Defendant first contends that the 1962 order of support is not entitled to full faith and credit because the 1969 order of dismissal annulled the 1962 order, eliminating his liability for child support between April 3, 1962, and October 10, 1969. Under the holding in *Sistare v. Sistare,* 218 US 1, 16-17, 30 S Ct 682, 54 L Ed 905 (1910), support payments[1] that become absolute and vested on becoming due are protected by the full faith and credit clause of the United States Constitution,[2] provided no modification of the order has been made before the maturity of the installments.

■ The 1962 support order meets the requirement set forth in *Sistare.* The Appellate Court of Florida has held that Florida courts do not have authority under Florida law to modifiy a decree for child support in such a manner as to affect or cancel past due installments. *Benson v. Benson,* 369 So2d 99 (Fla 4th DCA 1979); *Hynes v. Hynes,* 277 So2d 557 (Fla 3d DCA 1973). The Florida Court of Appeals has specifically held:

> "The right of a wife to payment of alimony and child support in arrears *is vested* and while it is within the discretion of the court to refrain from holding the husband in contempt for non-payment, the wife is entitled to enforcement of the payments by legal process and by such equitable remedies as the trial court may determine to be appropriate or necessary." *Smithwick v. Smithwick,* 343 So2d 945 (Fla 3d Dist Ct App 1977). (Emphasis supplied.)

---

[1] Although the holding in *Sistare* concerned the payment of alimony, the reasoning applies as well to the payment of child support.

[2] US Const, Art IV, § I, provides in part:

> "Full faith and credit shall be given in each State to the public Acts, Records, and Judicial Proceedings of every other State."

Under Florida law, the 1969 order of dismissal did not divest plaintiff of her right to collect past due child support payments; it merely ended defendant's obligation to make further payments. The 1962 order is, therefore, entitled to full faith and credit in Oregon courts, at least insofar as it ordered defendant to make payments until October 10, 1969.

Defendant next contends that the November 1, 1979, order that set aside the 1969 dismissal order is not entitled to full faith and credit, because the Florida court had no jurisdiction to entertain the motion, and, because defendant was not notified of the proceeding by service of process, he had no opportunity to challenge the proceeding. The motion to set aside the 1969 order asserted that, pursuant to Rule 1.540(b) of the Florida Rules of Civil Procedure (FRCP), the court had the power to entertain an independent action to relieve a party from a judgment, decree or order for fraud upon the court. The order setting it aside found the "matter and facts set forth therein" to be true. FRCP 1.540(b) provides:

> "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, decree, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial or rehearing; (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment or decree is void; (5) the judgment or decree has been satisfied, released or discharged or a prior judgment or decree upon which it is based has been reversed or otherwise vacated or it is no longer equitable that the judgment or decree should have prospective application. *The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, decree, order or proceeding was entered or taken.* A motion under this subdivision does not affect the finality of a judgment or decree or suspend its operation. *This rule does not limit the power of a court to entertain an independent action* to relieve a party from a judgment, decree, order or proceeding or *to set aside a judgment or decree for fraud upon the court."* (Emphasis supplied.)

■ The motion to set aside did not allege any act of fraud on the court to take it out of the one-year limitations period, but cited a 1924 Florida case (which predates the FRCP) and a criminal case for the proposition that mistakes by the court may be corrected by independent action at any time. That does not appear to be the law in Florida today. Absent an allegation of fraud in the motion or a finding of fraud by the trial court, the Florida courts do not appear to have jurisdiction to entertain an independent motion to set aside an order under FRCP 1.540(b) more than one year after the order was entered. *Pilz v. Pilz,* 395 So2d 591 (Fla 2d DCA 1981). In this case, the motion to set aside was filed more than ten years after the order to dismiss was entered. Therefore, the November 1, 1979 order of the Florida court is not entitled to full faith and credit and has no effect in these proceedings.

In his third assignment of error, defendant contends that even if the 1962 order is entitled to full faith and credit, plaintiff is nevertheless barred by the statute of limitations from registering the Florida judgment.

■ At the time plaintiff's petition for registration of a foreign judgment was filed, the Oregon enactment of the Uniform Enforcement of Foreign Judgments Act expressly adopted the Oregon statute of limitations in determining the time for registering a foreign judgment.[3] ORS 12.070 provides that an action on a judgment of a court of any state shall be commenced within ten years.[4] In the case of an order for support, the statute of limitations begins to run as to each installment from the due date thereof. *Newhouse v. Newhouse,* 271 Or 109, 111, 530 P2d 848 (1975). The present action was commenced May 18, 1979, and unless plaintiff is entitled to be excused from the operation of the limitations statute, she is barred from enforcing the order as to installments due before May 18,

---

[3] Former ORS 24.020 (*repealed* by Or Laws 1979, ch 577, § 8) provided:

"On application made within the time allowed for bringing an action on a foreign judgment in this state, any person entitled to bring such an action may have a foreign judgment registered in any court of this state having jurisdiction of such action."

[4] Oregon may properly bar an action on a foreign judgment after 10 years even though an action is not barred by the law of Florida (20-year statute of limitations). *Newhouse v. Newhouse,* 271 Or 109, 530 P2d 848 (1975).

1969. Plaintiff contends, and the trial court found, that the statute of limitations was suspended by defendant's concealment of his whereabouts until he believed the Florida decree could no longer be enforced. The statute on which plaintiff and the trial court rely is ORS 12.150, which provides:

> "If, when a cause of action accrues against any person, he is out of the state and service cannot be made within the state or he is concealed therein, such action may be commenced within the applicable period of limitation in this chapter after his return into the state, or after the termination of his concealment; and if, after a cause of action has accrued against a person, he shall depart from and reside out of this state, or conceal himself, the time of his absence or concealment shall not be deemed or taken as any part of the time limited for the commencement of such action."

Defendant contends that ORS 12.150 does not apply when the cause of action arises in another state between parties who are not residents of Oregon. He cites *In Re Wemple's Estate,* 92 Or 41, 179 P 674 (1919); *Fargo v. Dickover,* 87 Or 215, 170 P 289 (1918); and *Van Santvoord v. Roethler,* 35 Or 250, 57 P 628 (1899), in support of his argument.

■    In *Van Santvoord* and *Fargo,*[5] the Supreme Court held that when a person seeks to bring a common law action in Oregon to enforce a judgment rendered in a sister state, the tolling statute (Lord's Oregon Laws § 16; now ORS 12.150) does not apply if the foreign judgment was based on a cause of action arising in a sister state between nonresidents of Oregon.[6] These cases, however, were decided more than three decades before the Uniform Enforcement of Foreign Judgments Act was enacted in Oregon. At that time, the only way to enforce a foreign judgment was to bring a common law action on the judgment. Where, as here, plaintiff has chosen to proceed under

---

[5] *In Re Wemple's Estate,* 92 Or 41, 179 P 674 (1919), is inapplicable to the present case; the action there was not based on a foreign judgment.

[6] In *Van Santvoord* the Supreme Court doubted the appropriateness of its former decisions, stating:

> "The appellants question the soundness of [*McCormick v. Blanchard,* 7 Or 232 (1879) and *Crane v. Jones,* 24 Or 419, 33 P 869 (1893)], and, while we might be disposed to agree with them were it a matter of first impression, we are now bound by the rule of *stare decisis.*" 35 Or at 252.

the act, it is the statutory scheme, and not the common law, that governs. ORS 24.115 provides:[7]

"A copy of any foreign judgment authenticated in accordance with the Act of Congress or the statutes of this state may be filed in the office of the clerk of any court of any county of this state. The clerk shall treat the foreign judgment in the same manner as a judgment of the court of any county of this state. *A judgment so filed has the same effect and is subject to the same procedures, defenses and proceedings for reopening, vacating or staying as a judgment of a court of any county of this state and may be enforced or satisfied in like manner."* (Emphasis supplied.)

■ That statute prescribes that foreign judgments are to be treated as if they were judgments issued by Oregon courts.[8] ORS 12.150, which applies to actions to enforce Oregon judgments, suspends the statute of limitations if the adverse party flees the jurisdiction or conceals himself in Oregon. Here, the trial court made a finding of fact that "Defendant did attempt to conceal his whereabouts and was successful in doing so until he believed that the Florida Decree could no longer be enforced." Under ORS 12.150, the ten-year statute of limitations was tolled from July 1966, when he came to Oregon, until plaintiff learned of his whereabouts in 1976, a total of ten years. Plaintiff's judgment was registered on May 17, 1979, and the statute of limitations had not effectively run for ten years at that time. The trial court did not err in finding the judgment was not barred by the statute of limitations.

■ In his fourth assignment of error, defendant contends that plaintiff is not entitled to interest from the due date of each installment. However, it is well settled that past due installments of support bear interest as to each installment as it falls due. *Shannon v. Shannon,* 193 Or 575, 581, 238 P2d 744, 239 P2d 993 (1952); *see Melvin v. Melvin,* 391 So2d 691, 692 (Fla 1st DCA 1980).

Because of our disposition of the issues considered above, we need not consider defendant's fifth assignment of error.

---

[7] Although ORS 24.115 was not in effect when plaintiff's foreign judgment was registered, it was in effect on the date of trial. As a procedural statute, ORS 24.115 applies to this case.

[8] *See Tavares and Tavares,* 293 Or 484, 651 P2d 133 (1982).

The judgment of the trial court entered on February 25, 1981, insofar as it awards plaintiff judgment against defendant in the amount of $6,792.38, which includes child support accrued between April 3, 1962, and October 10, 1969, plus interest thereon, is affirmed; the supplemental judgment of March 13, 1981, is reversed.