222 P.2d 789

**HAYMES v. ROGERS.**

No. 5189.

Supreme Court of Arizona.

Oct. 9, 1950.

Marshall W. Haislip, of Phoenix, for appellant.

Robert & Price, of Phoenix, for appellee.

DE CONCINI, Justice.

In our former opinion, June 12, 1950, 70 Ariz. 257, 219 P.2d 339, we held that as a matter of law there was bad faith shown on the broker's part which precluded him from recovery of his commission. In the light of the motion for rehearing and a re-examination of the evidence and instructions we are constrained to change our view.

Kelley Rogers, hereinafter called appellee, brought an action against L. F. Haymes, hereinafter referred to as appellant, seeking to recover a real estate commission in the sum of $425.00. The case was tried before a jury which returned a verdict in favor of appellee. The said appellant owned a piece of realty which he had listed for sale with the appellee, real estate broker, for the sum of $9,500. The listing card which appellant signed provided that the commission to be paid appellee for selling the property was to be five (5%) per cent of the total selling price. Tom Kolouch was employed by the said appellee as a real estate salesman, and is hereinafter referred to as "salesman".

On February 4, 1948 the said salesman contacted Mr. and Mrs. Louis Pour, prospective clients. He showed them various parcels of real estate, made an appointment with them for the following day in order to show them appellant's property. The salesman then drew a diagram of the said property in order to enable the Pours to locate and identify it the next day for their appointment. The Pours, however, proceeded to go to appellant's property that very day and encountering the appellant, negotiated directly with him and purchased the property for the price of $8,500. The transcript of evidence reveals that the appellant knew the Pours had been sent to him through the efforts of appellee's salesman, but whether he knew it before they verbally agreed on a sale and appellant had accepted a $50 deposit was in dispute. Upon learning that fact he told the Pours that he would take care of the salesman.

Appellant makes several assignments of error and propositions of law directed against the appellee's requested instructions given by the trial court and the court's refusal to grant his requested instructions and a motion for an instructed verdict in favor of the defendant.

The trial court correctly refused defendant's motion for an instructed verdict in his favor, because the matter of bad faith on the part of the appellee broker should have been submitted to the jury.

The important proposition of law relied upon by the appellant is as follows:

"The law requires that a real estate broker employed to sell land must act in entire good faith and in the interest of his employer, and if he induced the prospec-

410

tive buyer to believe that the property can be bought for less, he thereby fails to discharge that duty and forfeits all his right to claim commission and compensation for his work."

There is no doubt that the above proposition of law is correct. A real estate agent owes the duty of utmost good faith and loyalty to his principal. The immediate problem here is whether the above proposition is applicable to the facts in this instance.

The facts here are as follows: The salesman informed the purchasers that he had an offer of $8,250 for the property from another purchaser which he was about to submit to appellant. He further told them he thought appellant would not accept the offer, but they might get it for $8,500.

Mr. Rogers, the appellee broker, testified that appellant phoned him after he had accepted the $50 deposit from the purchasers and informed him that he had closed the deal himself and felt that he owed no commission but would split the commisson with him, which he, the appellee, refused to do. He further testified that the appellant told him that if their other offer from a third person had been $8,500 he would have accepted it and paid a full commission.

The defendant below requested an instruction on bad faith which the trial court refused to give. The instruction was rather lengthy and involved. There were some objectionable features, such as a comment on the evidence in the first sentence, yet it was harmless because the comment related to an undisputed fact. The instruction is not set out herein, because it contained surplusage and we hesitate to approve it in toto. While the instruction was not a model for brevity and clarity, yet it did substantially state the law. The court erred in refusing to give the instruction or a substitute instruction of its own, on bad faith, because that was the theory on which appellant's defense was based.

The evidence in this case presents a close question as to good or bad faith on the part of the broker. The trial court should have submitted that matter for the jury to decide. This court has held in negligence cases where the question is close or is in the "shadow zone" that the trial court should not as a matter of law decide those things but rather submit the question to the jury. Dillow v. City of Yuma, 55 Ariz. 6, 97 P.2d 535. We feel that while the facts are not analogous, yet the principle of law is the same and decline to decide what is bad faith as a matter of law because that is within the province of the triers of fact. The appellant is entitled to have the jury weigh the evidence and inferences therefrom as to

whether or not appellee acted in bad faith in the light of the foregoing.

We wish to reiterate that a broker or salesman owes the utmost good faith to his principal as does any other person acting as agent or in a fiduciary capacity. If an agent betrays his principal, such misconduct and breach of duty results in the agent's losing his right to compensation for services to which he would otherwise be entitled. 2 Am.Jur. Agency, section 299; Restatement of Agency, section 469; Mitchell v. Gould, 90 Cal.App. 647, 266 P. 565; Harvey v. Lindsay, 117 Mich. 267, 75 N.W. 627.

In this case the appellant sold the property to a purchaser whom he knew was sent to him by the appellee's salesman. Therefore, in the absence of bad faith the broker is entitled to his commission when he is the procuring cause of sale. Fornara v. Wolfe, 26 Ariz. 383, 226 P. 203; Fink v. Williamson, 62 Ariz. 379, 158 P.2d 159; Leadville Mining Co. v. Hemphill, 17 Ariz. 146, 149 P. 384.

Judgment is reversed and the case remanded for a new trial with directions to submit the question of bad faith on the part of the appellee to the jury.

Judgment reversed.

LA PRADE, C. J., and UDALL, STANFORD and PHELPS, JJ., concurring.