396 P.2d 1

**Lloyd TUCKER and Shirley M. Tucker, husband and wife, Appellants,**

**v.**

**J. H. GREEN, dba Green Real Estate, and Wanda Chinn, dba Chinn Realty, and Mike Chinn, husband of Wanda Chinn, Appellees.**

**No. 7706.**

Supreme Court of Arizona.

En Banc.

Oct. 23, 1964.

Minne & Sorenson, by A. D. Ward, Phoenix, for appellants.

Stephen W. Connors, Phoenix, for appellees.

SCRUGGS, Justice.

The parties will be referred to as plaintiffs and defendants as they appeared in the lower court.

This is an appeal from a judgment for the plaintiffs for the amount claimed to be due as a real estate commission contended to have been earned by the plaintiffs as the procuring cause of the sale of the defendants' property. The case was tried to a jury. The jury found for the plaintiffs on conflicting testimony.

The facts taken most strongly in favor of sustaining the judgment are:

The defendant Lloyd Tucker, husband of Shirley M. Tucker, executed and delivered to plaintiff Green a listing for the sale of the community real property of the defendants. The listing was not exclusive, and, after setting forth a description of the property and the terms at which it was to be offered for sale, closes with the following words: "If the above described property is sold by the Green Real Estate, I (we) agree to pay a commission of 5% on the total sales price." The plaintiff Green, after having been advised by the plaintiff Chinn that one Weiler was in the market for the purchase of some real property, contacted said Weiler, discussed the possibility of his being interested in the Green property and interested him therein as a purchaser. Until then, Weiler had no knowledge of the availability of the property for purchase. Weiler declined the offer of Green to show him the property on the grounds that he was then too busy, but subsequently Weiler personally contacted the defendants Tucker, examined the property and, after some negotiation, purchased the same on substantially different terms, but for the same gross purchase price, at which the property was listed for sale by Tucker with Green. During the interim, between the time Weiler had been contacted by Green and the setting up of an escrow for the purpose of closing

the sale, Green had contacted Weiler on several occasions and reminded him of the fact that Green expected to collect a commission in the event Weiler purchased the property. After the escrow was set up, and before the final closing took place, Green advised defendants Tucker that he had initiated Weiler's interest in the purchase of the property. The terms of the purchase and sale finally negotiated by Weiler and Tucker were not in all respects identical to the terms at which the property was listed with Green.

We need to consider no questions raised on the appeal other than those contained in assignments of error numbered 1 and 3. Assignment of Error No. 1, in addition to other things, contends that the defendants were entitled to a directed verdict and judgment in their favor as a matter of law because there was no substantial evidence that (1) prior to entering into the agreement to sell the defendants had knowledge that their prospective purchasers had been produced by the plaintiffs; (2) that the defendants sold to said purchasers on the same or as favorable terms as were set out in the listing agreement; or (3) that they would have sold on the terms they did had they known that a commission was demandable. Assignment of Error No. 3, among other things, challenges the refusal of the trial court to give defendants' instruction No. 5 submitting to the jury the question of whether the defendants (sellers) negotiated with their buyers in good faith with no knowledge that they were dealing with a prospective purchaser procured by the plaintiffs, and that said dealings were on the basis that no commission was demandable.

We have held that in order for a broker to recover a commission on the basis of compliance with the requirements of an open listing agreement, he must show that he produced a buyer ready, willing and able to purchase on the precise terms stipulated by the seller in his listing agreement. Of course, a change made by the seller, when consummating the sale, in the price of the land or the terms of the sale from those specified in the broker's listing agreement, cannot of itself affect or impair in any way the right of the broker to his commission. Bishop v. Norell, 88 Ariz. 148, 353 P.2d 1022. We have also held that if the owner of the property before consummating a deal acquires the knowledge—it matters not in what manner—that the person he is dealing with is the client of the broker and has been procured by such broker for that specific purpose, this is all that is necessary. If there be a real doubt under the peculiar circumstances of a given case as to whether or not the broker has fulfilled his undertaking, such a doubt must be solved by the trier of fact. Leadville Mining Co. v. Hemphill, 17 Ariz. 146, 149 P. 384. We have not been faced with the question raised by the defendants'

requested instruction No. 5 insofar as it affects the right of a broker to a commission where the seller is not aware of the fact that his purchaser was first introduced to the property by the broker.

The problem necessarily turns on whether or not a broker occupies such a fiduciary relationship that he has a duty to advise the seller for whom he is acting of a prospective purchaser whom he, the broker, has produced. We have repeatedly held that a fiduciary relationship exists between a broker and his seller. Baker v. Leight, 91 Ariz. 112, 370 P.2d 268; Hassenpflug v. Jones, 84 Ariz. 33, 323 P.2d 296. We have also held that a broker owes the utmost good faith and loyalty to his principal. Christensen v. Pryor, 75 Ariz. 260, 255 P.2d 195; Haymes v. Rogers, 70 Ariz. 408, 222 P.2d 789, 17 A.L.R.2d 896.

Here, there seems to be no question but what the broker knew, or at least suspected, that Weiler was negotiating with Tucker. The plaintiff Green testified that when he gave the buyer in the instant case complete information he was concerned for fear the buyer would attempt to go around him and that his principal would make a deal with the buyer with no commission involved. Plaintiff Green further testified to several conversations with the purchaser before the escrow was opened, all of which had to do with the negotiations which were in progress between the purchaser and the seller.

■ Where a broker has produced a prospective purchaser of property, and the principal (seller), without the knowledge that the prospective purchaser was produced by the broker, is negotiating with the prospective purchaser to effect the purchase and sale of the property, it would appear that in fairness to his principal the broker should advise his principal that he had produced the prospective purchaser and that his commission would be one of the things which his principal could then take into consideration in determining whether he would conclude a sale with the prospective purchaser. In this case, it could make a difference of $7,850.00 to the principal. As pointed out in Byerts v. Schmidt, 25 N.M. 219, 180 P. 284:

"Probably the weight of authority is to the effect that it is not necessary that the broker who contends that he found the purchaser to whom the property is sold should personally have conducted the negotiations between his principal and the purchaser, which have resulted in the sale, or even that the principal should, at the time, have known that the purchaser was one found by the broker. * * * This rule is applied, so far as we know, without exception, where the purchase is made upon the terms prescribed in the contract between the principal and the broker. In some cases a distinction is made between the case of the broker

who was employed to find a purchaser on certain prescribed terms, and the broker employed to find a purchaser upon terms which might prove satisfactory to the principal."

\*　\*　\*　\*　\*　\*

" \* \* \* The reason for the exception to the general rule first stated is that it would not be equitable to charge the seller with the commission where the broker has failed to notify him of the name of the purchaser, and he sells for a less price than he otherwise would exact if he had known that he would be required to pay the commission. \* \* \*"

■ Under the circumstances, the court should have submitted to the jury the question of whether defendants Tucker had knowledge, prior to agreeing to a sale of the property with Weiler, that Weiler had been produced by plaintiff Green as a prospective purchaser.

In view of the foregoing, it is unnecessary to consider the remaining assignments of error.

Since the case may be tried again, we make the comment that we fail to find any privity between the plaintiff Chinn and the defendants. A.R.S. § 44–101(7).

Judgment of the Superior Court is reversed as to all defendants and the case is dismissed as to the plaintiff Chinn.

UDALL, C. J., LOCKWOOD, V. C. J., and STRUCKMEYER and BERNSTEIN, JJ., concurring.