Argued and submitted December 12, 2005, affirmed August 23, 2006

Steven R. PALMQUIST,
*Respondent,*

*v.*

FLIR SYSTEMS, INC.,
an Oregon corporation,
*Appellant,*

*and*

J. Kenneth STRINGER III
and James A. Fitzhenry,
*Defendants.*

0107-07360; A125867

142 P3d 94

See also 189 Or App 552, 77 P3d 637.

John F. Neupert argued the cause for appellant. With him on the briefs were William H. Walters and Miller Nash LLP.

Thomas W. Brown argued the cause for respondent. With him on the brief were Wendy M. Margolis and Cosgrave Vergeer Kester LLP.

Before Landau, Presiding Judge, and Ortega, Judge, and Breithaupt, Judge pro tempore.

LANDAU, P. J.

**LANDAU, P. J.**

This appeal involves a fairly convoluted set of facts, but, at its core, the issue that it presents to us is straightforward: Does ORCP 71 B(1)(e) mean what it says? That rule provides that a party may obtain relief from a judgment when that judgment is based on a prior judgment and the "prior judgment upon which it is based has been reversed or otherwise vacated." In this case, plaintiff filed a complaint against his former employer. That complaint was dismissed. He appealed, but, in the meantime, he filed a second complaint against his former employer. The second complaint, too, was dismissed on the ground that it was precluded by the dismissal of the first complaint. We then reversed the dismissal of the first complaint. Plaintiff then moved to set aside the dismissal of the second complaint. The trial court granted relief under ORCP 71 B(1)(e). Defendant now appeals, arguing that, although the rule might appear on its face to apply, it has, in effect, been superseded by another rule. According to defendant, ORCP 54 D(2) provides that, when a party files a second claim after the earlier dismissal of the same claim, the court "shall dismiss" the second claim. Defendant argues that ORCP 54 D(2) should be understood to preclude any later relief from that dismissal, even if the rule does not precisely say that and even though ORCP 71 B(1)(e) contains no qualification for claims dismissed under ORCP 54 D(2). We conclude that defendant reads more into the rules than their texts may fairly bear. We therefore affirm.

The relevant facts are not in dispute. Plaintiff once worked for defendant. In 1999, defendant terminated his employment. In February 2000, plaintiff filed a complaint in Washington County against defendant. He alleged that defendant had breached an employment contract and failed to pay wages within the time required by statute. Defendant moved for summary judgment. Following the hearing on the motion, plaintiff apparently became less than optimistic about his chances and filed a notice of voluntary dismissal of the action. *See* ORCP 54 A(1) (allowing a plaintiff to dismiss an action by filing a notice of voluntary dismissal). The trial court nevertheless granted defendant's motion for summary

judgment and entered judgment dismissing plaintiff's claims with prejudice. Plaintiff appealed.

Meanwhile, plaintiff came to believe that he had additional claims against defendant. Because the applicable statute of limitations was about to run, he filed a second action in which he realleged the breach of contract and statutory wage claims and added to them a claim for wrongful termination. Defendant moved to dismiss on the ground that the complaint was barred by the dismissal of the first action. The trial court granted the motion to dismiss.

Shortly thereafter, we issued a decision in the appeal of the dismissal of the first action. *Palmquist v. Flir Systems, Inc.*, 189 Or App 552, 77 P3d 637 (2003). We concluded that the trial court had erred in failing to allow plaintiff to voluntarily dismiss his claims without prejudice. *Id.* at 558.

Plaintiff then filed a motion under ORCP 71 B(1)(e) to set aside the dismissal of the second action. Plaintiff argued that, because the dismissal of the second action was predicated on the validity of the judgment dismissing the first, and because we had reversed the judgment in the first, ORCP 71 B(1)(e) permitted the court to set aside the judgment dismissing the second action. The trial court agreed and granted plaintiff's motion. It is from the trial court's order setting aside the judgment dismissing the second action that defendant now appeals.

■ Defendant argues that, although ORCP 71 B(1)(e) might otherwise apply, it does not in this case because the trial court's dismissal of the second action was required by ORCP 54 D(2). According to defendant, the legislature made dismissal under ORCP 54 D(2) mandatory, and that suggests that the dismissal would be final and not subject to relief under ORCP 71 B(1)(e). Plaintiff argues that the trial court's decision complied with the plain language of both rules.

It is often stated that we review a trial court's decision to set aside an earlier judgment under ORCP 71 for an abuse of discretion. *See, e.g., Owens and Owens*, 182 Or App 473, 477, 49 P3d 111 (2002). When the trial court's decision

rests on a legal conclusion about the meaning of a rule or statute, however, we review that conclusion as a matter of law. *Shumake v. Foshee*, 197 Or App 255, 261, 105 P3d 919 (2005).

In reviewing the trial court's construction of the applicable rules of civil procedure, we apply the familiar interpretive principles set out in *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610-12, 859 P2d 1143 (1993). *See, e.g., Ryerse v. Haddock*, 337 Or 273, 278-79, 95 P3d 1120 (2004) (applying statutory construction principles to interpretation of Oregon Rules of Civil Procedure). We attempt to determine the meaning of the rules that the legislature intended, looking first to the text in context and, if necessary, also to the legislative history and other aids to construction. *PGE*, 317 Or at 610-12.

We begin with the text of ORCP 71 B(1), which states, in part:

> "On motion and upon such terms as are just, the court may relieve a party or such party's legal representative from a judgment for the following reasons: * * * (e) the judgment has been satisfied, released, or discharged, *or a prior judgment upon which it is based has been reversed or otherwise vacated*, or it is no longer equitable that the judgment should have prospective application."

(Emphasis added.) The text of the rule authorizes a court to grant relief from "a judgment" when that judgment was based on "a prior judgment" and that prior judgment has been reversed. There is no qualification that suggests that only particular kinds of judgments or prior judgments are subject to the rule. On its face, the rule would appear to apply to the facts of this case. There is "a judgment," that is, the judgment dismissing the second case. That judgment was based on "a prior judgment," that is, the judgment dismissing the first case. And that prior judgment was reversed. On that much all parties appear to agree.

Defendant's argument is that ORCP 54 D(2) "supersedes" ORCP 71 B(1)(e). We turn, then, to the text of that rule:

> "If a party who previously asserted a claim, counterclaim, cross-claim or third party claim that was dismissed

with prejudice subsequently makes the same claim, counterclaim, cross-claim or third party claim against the same party, the court shall enter a judgment dismissing the claim, counterclaim, cross-claim or third party claim and may enter a judgment requiring the payment of reasonable attorney fees incurred by the party in obtaining the dismissal."

We find no mention of ORCP 71 in the text of the foregoing rule or any suggestion that it impairs the authority of the courts to set aside, in appropriate cases, judgments entered under ORCP 54 D(2).

Defendant nevertheless insists that the "plain language" of ORCP 54 D(2) eliminates the authority of trial courts to later grant relief from the dismissal of a judgment under that rule. Defendant's argument in that regard is predicated on the use of the mandatory "shall" and the fact that the rule permits a court to award attorney fees following the dismissal of the duplicative claim. Defendant reasons that use of mandatory language and the imposition of a penalty for the duplicate filing "evidences a legislative intent to conserve judicial resources by not only discouraging parties from refiling dismissed claims, but also enabling a trial court to promptly get rid of cases in which a plaintiff has not heeded Rule 54 D(2)'s message." To fail to afford ORCP 54 D(2) such "heightened status," defendant argues, would mean that the rule accomplishes no more than what ordinary principles of preclusion would require. Defendant argues that the legislature cannot reasonably have intended that. Moreover, defendant argues, ORCP 54 D(2) prevails over ORCP 71 B(1)(e) because it is the more specific rule.

We are not persuaded by any of defendant's arguments. To begin with, even assuming that the purpose of ORCP 54 D(2) is as defendant suggests—to discourage parties from refiling dismissed claims—it simply does not follow that the legislature intended to deprive trial courts of the authority to correct their own decisions that were made on the basis of an incorrect premise, that is, the improper dismissal of the prior judgment.

Furthermore, defendant's assumption that the legislature cannot reasonably be assumed to have merely codified a common-law rule is manifestly incorrect. *Lovinger v.*

*Lane County*, 206 Or App 557, 562, 138 P3d 51 (2006) ("There is no question but that the legislature sometimes has enacted statutes not to effect a change in the law, but to codify existing law."). Even assuming for the sake of argument that the legislature would not have adopted ORCP 54 D(2) merely to codify existing rules of preclusion, the fact is that the text of the rule makes clear that that is not all that the rule accomplishes. For example, ORCP 54 D(2) permits courts to require a party that files a claim that has been previously dismissed with prejudice to pay another party's attorney fees.

■ Finally, defendant's argument that ORCP 54 D(2) must supersede ORCP 71 B(1)(e) because the former is more specific than the latter is likewise unavailing. The rule that a general statute gives way to a more specific statute applies only when there is an irreconcilable conflict between the statutes. *See, e.g., Olsen v. Deschutes County*, 204 Or App 7, 13, 127 P3d 655 (2006) ("Applying the maxim necessarily renders one of the two statutes—the older and more general—meaningless, and should therefore be used only when a conflict actually exists and cannot be avoided."). In this case, defendant neglects to identify any conflict at all, much less an irreconcilable one. According to the terms of the rules, ORCP 54 D(2) authorizes a court to dismiss a second action that merely duplicates a prior action that has already been dismissed, and ORCP 71 B(1)(e) authorizes a party to obtain relief from such dismissal when the dismissal of the first action has been reversed. We perceive no irreconcilable conflict between the two rules.

We conclude that both rules mean what they plainly say and that the trial court, in reaching the same conclusion, did not err.

Affirmed.