Dixie L. TAYLOR,
as Personal Representative for
the Estate of Irma J. Taylor, Deceased,
*Plaintiff-Respondent,*

*v.*

PORTLAND ADVENTIST MEDICAL CENTER,
an Oregon corporation,
*Defendant-Appellant.*

Multnomah County Circuit Court
070505420; A154969

344 P3d 119

Hillary A. Taylor argued the cause for appellant. With her on the opening brief were Lindsey H. Hughes and Keating Jones Hughes, P.C. With her on the reply brief was Keating Jones Hughes, P.C.

Robert Beatty-Walters argued the cause and filed the brief for respondent.

Before Ortega, Presiding Judge, and DeVore, Judge, and Garrett, Judge.

GARRETT, J.

## GARRETT, J.

Plaintiff, who is the personal representative of her mother's estate, brought this action against defendant for wrongful death. The case involves allegations of medical negligence, including negligent discharge of plaintiff's mother from the hospital without proper diagnosis or treatment. The case has been tried to a jury three times. Each trial has resulted in a hung jury. After plaintiff asked the trial court to schedule a fourth trial, defendant objected and moved for a judgment of dismissal. The trial court denied that motion; defendant appeals. For the reasons that follow, we conclude that we lack jurisdiction and dismiss the appeal.

After defendant filed its notice of appeal, the Appellate Commissioner issued an order to show cause as to why the appeal should not be dismissed for lack of jurisdiction. Defendant's notice of appeal stated that the trial court's order was appealable under ORS 19.205(2), which provides, "An order in an action that affects a substantial right, and that effectively determines the action so as to prevent a judgment in the action, may be appealed in the same manner as provided in this chapter for judgments." The Appellate Commissioner's order to show cause noted that ORS 19.205(2) appeared to be inapplicable: "The order being appealed was entered before entry of a general judgment. It is not clear, however, that the order affects a substantial right and, in any event, the order does not appear to prevent entry of judgment."

In response to the order to show cause, defendant argued that, under the "extremely unusual procedural posture" of this case, in which three mistrials have already occurred because of the jury's inability to reach a verdict, the trial court's order denying defendant's motion to dismiss is tantamount to "a decision that this litigation can be perpetuated indefinitely by plaintiff with no recourse or relief for defendant." Defendant cited the expense and burden of the first three trials and argued that there is no reason to think that a fourth trial will yield a different result. Thus, defendant argued, the order is appealable because it "affects defendant's rights and exposes it to the expense of further litigation while preventing it from achieving finality despite

having endured three trials already." Defendant also argued that the trial court's order "effectively determines this action so as to prevent a judgment by requiring perpetual retrials without a reasonable expectation of achieving finality."

After defendant submitted its response to the order to show cause, the Appellate Commissioner issued an order stating that, "under the unusual circumstances of this case, the trial court's order does affect the parties' substantial rights and, in effect, prevents entry of judgment, at least for the reasonably foreseeable future." The order directed the parties to proceed with the appeal.

On the merits of the appeal, defendant makes a variety of arguments as to why the trial court erred in denying defendant's motion to dismiss. Many of defendant's arguments echo those made to the Appellate Commissioner as to why appellate jurisdiction exists. Defendant argues principally that to allow plaintiff another trial after three mistrials is a violation of defendant's own jury trial right and that the trial court has the authority, which it should have exercised, to prevent that violation from happening. Plaintiff responds that the Appellate Commissioner's ruling on jurisdiction was incorrect and that we should dismiss this appeal. Plaintiff also argues that, even if we have jurisdiction, the trial court committed no error in determining that it lacked authority to dismiss plaintiff's case.

Because no judgment has been entered, the trial court's order is appealable, if at all, only under ORS 19.205(2). That provision allows a party to appeal an order that "affects a substantial right, and that effectively determines the action so as to prevent a judgment in the action." The Appellate Commissioner concluded that the trial court's order denying defendant's motion to dismiss affected the parties' substantial rights and "prevents entry of judgment, at least for the reasonably foreseeable future." After the benefit of additional briefing and oral argument, we respectfully reach a different conclusion.

Even assuming (without agreeing) that defendant has articulated a "substantial right" that is affected, the trial court's order does not "prevent entry of judgment" within the meaning of the statute. The order prevents entry

of judgment as soon as defendant would like—perhaps even, as the Appellate Commissioner observed, "for the reasonably foreseeable future." Of course, not every trial court order that has the effect of extending litigation, and thereby prolonging the entry of a judgment, can be regarded as "preventing" entry of judgment. If so, virtually any motion to dismiss could, if denied, lead to interlocutory review. Rather, the order must be one that *effectively determines the action so as to prevent a judgment in the action.*" ORS 19.205(2) (emphasis added).

Defendant's theory is that the trial court's order has "effectively determined" the action because,

> "[w]here the case has been presented to three juries who have been unable to agree on a verdict and plaintiff has not shown that a fourth trial will be materially different, the trial court's order has the practical effect of allowing trials in perpetuity. It effectively determines that there will be no determination of the action because there is no objective basis to conclude that a fourth jury will be able to accomplish what three others could not."

There are several flaws in defendant's argument. It requires us to assume that a fourth trial will fail to produce a jury verdict, *and* that plaintiff will seek a fifth trial, which also will fail to produce a jury verdict, *and* that plaintiff will continue to seek new trials indefinitely, all of which will fail to produce verdicts. We have no basis for making any of those assumptions. The fact that three juries have hung does not make it inevitable (or even likely) that a fourth jury will; defendant concedes that it is possible that a fourth trial will produce a verdict. Thus, we cannot say that the trial court's order has "effectively determined" the action.[1]

---

[1] The principal case on which defendant relies is *Gillespie v. Kononen,* 310 Or 272, 275, 797 P2d 361 (1990). That case is readily distinguishable. In *Gillespie,* we had initially dismissed an appeal on the ground that a final judgment had not been entered. *Id.* at 275. The appellant then asked the trial court to enter a final judgment on an award of attorney fees. *Id.* at 276. The trial court refused, expressly stating that it believed that the case had been fully disposed of by prior order and that no judgment needed to be entered. *Id.* The Supreme Court held that appellate jurisdiction existed because the text of the trial court's order demonstrated that the "trial judge intends *never* to enter a judgment." *Id.* at 277 (emphasis in original). In this case, there is no indication that the trial court intends never to enter a judgment. The trial court has merely allowed the case to go forward.

We also are unaware of any authority for defendant's suggestion that plaintiff, after three mistrials, has a burden to show a likelihood that a fourth trial will be different before she may be allowed to proceed. Nor does defendant articulate any reason why three is a magic number of mistrials— which means that defendant's logic could apply just as well to a case with two mistrials, or one.

As the trial court did, we acknowledge that this is an unusual situation that has placed an atypical burden on defendant (although not only on defendant). But there has not yet been a judgment. Nor does the trial court's order "effectively determine[] the action so as to prevent a judgment in the action." It merely allows for another trial. Accordingly, the order is not appealable under ORS 19.205(2), and this court lacks jurisdiction.

Appeal dismissed.