Submitted March 1, affirmed August 10, 2022

HANLEY ENGINEERING, INC.,
an Oregon corporation,
*Plaintiff-Respondent,*

*v.*

WEITZ & COMPANY, INC.,
an Idaho corporation;
Daniel P. Weitz, individually; and
all persons in possession or
claiming any right to possession,
*Defendants-Appellants.*

Baker County Circuit Court
10805; A175597

516 P3d 1192

Defendants appeal an order denying their Motion to Set Aside Extension of Foreign Judgment. The judgment was rendered in favor of plaintiff in Idaho on November 4, 2010, and was filed in Oregon on December 15, 2010, pursuant to Oregon's Uniform Enforcement of Foreign Judgments Act. On December 8, 2020, plaintiff filed a certificate of Extension of Judgment before the expiration of Oregon's ten-year statute of limitations for judgment remedies. Defendants contend that the trial court erred in denying their motion because the judgment remedies had expired in Idaho under its five-year statute of limitations, so it was no longer due full faith and credit under the United States Constitution and could not be extended in Oregon. *Held*: Once a foreign judgment has been filed in Oregon, the judgment becomes an Oregon judgment, and is enforced under Oregon law.

Affirmed.

Matthew B. Shirtcliff, Judge.

Brent H. Smith filed the brief for appellants.

Ryon K. Sirucek and David R. Auxier filed the brief for respondent.

Before Shorr, Presiding Judge, and Mooney, Judge, and Pagán, Judge.

MOONEY, J.

Affirmed.

## MOONEY, J.

Defendants appeal from an order denying their Motion to Set Aside Extension of Foreign Judgment. Defendants assign error to the trial court's denial of their motion, arguing that the judgment was no longer entitled to full faith and credit in Oregon (the forum state) because judgment remedies for the judgment had expired in Idaho (the rendering state). The trial court did not err in denying defendants' motion. We affirm.

When we review a trial court's decision regarding a judgment under ORCP 71 and "the trial court's decision rests on a legal conclusion about the meaning of a rule or statute *** we review that conclusion as a matter of law." *Palmquist v. Flir Systems, Inc.*, 207 Or App 365, 368-69, 142 P3d 94 (2006) (citing *Shumake v. Foshee*, 197 Or App 255, 261, 105 P3d 919 (2005)).

On November 4, 2010, in the district court for Elmore County, Idaho, a Supplemental and Final Judgment was entered against Weitz & Company and Daniel P. Weitz (defendants). On December 15, 2010, in the circuit court for Baker County, Oregon, Hanley Engineering, Inc. (plaintiff) submitted a Notice of Filing Foreign Judgment pursuant to ORS 24.125, a provision of Oregon's Uniform Enforcement of Foreign Judgments Act (UEFJA). *See* ORS 24.105 - 24.175.

On December 8, 2020, in the Baker County Circuit Court, plaintiff filed a Certificate of Extension of Judgment pursuant to ORS 18.182(1). Plaintiff notes in the certificate of extension, "Less than 10 years have passed since the judgment entry date [December 17, 2010], judgment remedies for this judgment have not expired, and a full satisfaction for the money award portion, if any, of the judgment has not been filed."

On December 18, 2020, defendants filed a Motion to Set Aside Extension of Foreign Judgment with the Baker County Circuit Court pursuant to ORCP 71(B)(1)(e). Defendants argued that because the original judgment had expired in Idaho it was no longer due full faith and credit under the United States Constitution, and because of that, the judgment could not be extended in Oregon. Plaintiff

argued that pursuant to Oregon case law once a foreign judgment is filed in Oregon that filed foreign judgment is itself enforceable according to Oregon law. Plaintiff thus argues that the 10-year period of limitation provided by ORS 18.180(3) applies, rather than the five-year period of limitation under the corresponding Idaho statute, making the judgment extension appropriate and timely.

The trial court heard oral arguments on February 10, 2021, and issued a letter opinion on February 16, 2021. The court concluded that

"the ruling in *Newhouse* is [] applicable. In *Ames v. Ames*, 60 Or App 50, 58[, 652 P2d 1280] (1982), the Oregon Court of Appeals ruled that foreign judgments are to be treated as if they were judgments issued by Oregon Courts and are subject to Oregon's statute of limitations and other procedures.

"In this matter the Plaintiff properly registered the Idaho Judgment in Oregon on December 17, 2010. Once that occurred the judgment became an Oregon judgment for procedural purposes. The extension of the judgment was filed in a timely fashion pursuant to Oregon's statute of limitations. The Defendant's Motion to Set Aside Extension of Foreign Judgment is denied."

As a preliminary matter, we note that this order is not appealable under ORS 19.205(2) as defendant states, and it is not appealable under ORS 19.205(1) as plaintiff states. While neither party argues that the order is not appealable, we nevertheless address the question of appealability because "we have an independent obligation to consider matters concerning jurisdiction *sua sponte*." *Walton v. Board of Parole*, 267 Or App 673, 676, 341 P3d 828 (2014). ORS 19.205(1) applies to judgments, supplemental judgments, or limited judgments with the exception of certain "corrections" to judgments. ORS 19.205(2) applies when "an order in an action that affects a substantial right" effectively prevents a judgment in the action. This is not an appeal from a judgment, supplemental judgment, or limited judgment to which ORS 19.205(1) applies. It is also not an interlocutory appeal to which ORS 19.205(2) applies. *See Gist v. ZoAn Management, Inc.*, 363 Or 729, 731, 428 P3d 893 (2018) (applying ORS 19.205(2) to "interlocutory

appeals of court orders affecting substantial rights"); *Taylor v. Portland Adventist Medical Center*, 269 Or App 151, 153, 344 P3d 119, *rev den*, 357 Or 415 (2015) (explaining that "[b]ecause no judgment has been entered, the trial court's order is appealable, if at all, only under ORS 19.205(2)").

We have jurisdiction of this appeal pursuant to ORS 19.205(3) because it is an appeal from "an order * * * in the action after a general judgment [was] entered and that affects a substantial right[.]" The judgment was entered in Idaho in November 2010 and filed in Oregon the next month. The order being appealed was thus entered after judgment was entered. *See City of Portland v. Diaz*, 289 Or App 361, 364, 409 P3d 70 (2017) (holding that an order was not appealable under ORS 19.205(2) because it had been entered after entry of default judgment against the defendant and that ORS 19.205(3) was the "only provision that plausibly could authorize the appeal of the order at issue"). But, unlike *City of Portland*, where we concluded that the order did not affect a substantial right because it was not a final determination of the issue and defendant could seek further hearing on it, defendants here have no other process through which they can pursue relief. The order from which this appeal arises is appealable under ORS 19.205(3).

The Full Faith and Credit Clause of the United States Constitution requires that a valid and final judgment in one state, rendered by a court with jurisdiction over the persons and subject matter governed by the judgment, be recognized by all states. *V. L. v. E. L.*, 577 US 404, 407, 136 S Ct 1017, 194 L Ed 2d 92 (2016). The clause requires and protects finality in the rendering state prior to recognition in another state. It does not require states to "adopt the practices of other States regarding the time, manner, and mechanisms for enforcing judgments. Enforcement measures do not travel with the * * * judgment * * * such measures remain subject to the evenhanded control of forum [state] law." *Baker by Thomas v. General Motors Corp.*, 522 US 222, 235, 118 S Ct 657, 139 L Ed 2d 580 (1998); *Union Nat. Bank of Wichita, Kansas v. Lamb*, 337 US 38, 42-43, 69 S Ct 911, 93 L Ed 1190 (1949) (The Full Faith and Credit Clause applies to the integrity of the claim underlying the judgment, but not to the enforcement measures of the rendering state. Applying

the forum state's statute of limitations does not undermine the integrity of the judgment.).

In other words, a state cannot refuse to enforce a foreign judgment because that state's statute of limitations bars action on the original claim underlying the judgment. A state can, however, refuse to enforce a foreign judgment if that state's statutory period for the enforcement of judgments has expired. *Restatement (Second) of Conflict of Laws* § 118 comments b & c (1971) (citing *Roche v. McDonald*, 275 US 449, 48 S Ct 142, 72 L Ed 365 (1928), and *Watkins v. Conway*, 385 US 188, 87 S Ct 357, 17 L Ed 2d 286 (1966)); *see also Restatement* § 103 comment b (1971). This is clear: The forum state's statutes regarding the enforcement of judgments filed in the forum state, foreign or otherwise, are controlling. A state may enforce or extend a judgment pursuant to its statute of limitations once the judgment has become a judgment of that state, notwithstanding that the statute of limitations for enforcing or extending judgments in the rendering state has expired. *Restatement* § 100 comment b (1971).

Defendants nevertheless argue that the judgment was no longer entitled to full faith and credit in Oregon because the original judgment expired in Idaho. Therefore, according to defendants, the judgment was no longer a "foreign judgment" as defined in ORS 24.105 and could not be extended pursuant to ORS 18.182(1)(a).[1] But that argument misses the point. As we have already discussed, the Full Faith and Credit Clause does not require a forum state to replace its statutes regarding the enforcement of judgments with those of the rendering state. Defendants cite a litany of cases to support their argument and, so far as we can tell, those cases are not, in fact, supportive. In some instances, the cases defendants rely on support plaintiff's argument that the forum state's statutes are controlling once the judgment becomes a judgment of the forum state.[2] Several of

---

[1] ORS 24.105 provides, in part: "'[F]oreign judgment' means any judgment, decree or order of a court of the United States or of any other court *which is entitled to full faith and credit in this state*." (Emphasis added.)

[2] *See Irby v. Haden*, No. C 08-80004 MISC PJH, 2008 WL 2561958 at *2 (ND Cal, June 25, 2008); *Levine v. Levine*, 95 Or 94, 98, 187 P 609 (1920), *overruled in part on other grounds by Gowin v. Heider et al*, 237 Or 266, 396 P2d 1 (1963), *modified and adh'd to on recons*, 391 P2d 630 (1964); *Mountain Woodworks, Inc. v. Voss*, 218 Or App 707, 712, 180 P3d 735 (2008); *River City Bank v. DeBenedetti*, 90

those cases discuss the Full Faith and Credit Clause, but again, they do not support defendants' proposed interpretation of that clause.

Oregon's UEFJA is codified in ORS chapter 24, which outlines the procedures for filing a foreign judgment in Oregon. ORS 24.115(1) provides, in part, "A copy of any foreign judgment *** may be filed in the office of the clerk of any circuit court of any county of this state ***. The clerk shall treat the foreign judgment in the same manner as a judgment of the circuit court." ORS 24.115(3) states:

> "A judgment so filed has the same effect and is subject to the same procedures, defenses and proceedings for reopening, vacating or staying as a judgment of the circuit court in which the foreign judgment is filed, and may be enforced or satisfied in like manner."

In *Ames v. Ames*, 60 Or App 50, 58, 652 P2d 1280 (1982), we interpreted ORS 24.115 to mean that "foreign judgments are to be treated as if they were judgments issued by Oregon courts." Furthermore, in *Newhouse v. Newhouse*, 271 Or 109, 112, 530 P2d 848 (1975), the Oregon Supreme Court stated:

> "It has long been settled that a forum state may apply its own statute of limitations to actions seeking to enforce foreign judgments since such a limitation is procedural rather than substantive in nature. *** [A]pplication of the forum's own time limitation to an action or suit upon a valid foreign judgment of a sister state does not violate the full faith and credit clause."

(Citations omitted.) Once a foreign judgment has been filed in Oregon pursuant to ORS 24.115, the judgment becomes an Oregon judgment, and is to be enforced under Oregon law. ORS 18.182(1) provides, in part, "[j]udgment remedies for a judgment may be extended by filing a certificate of extension *in the court that entered the judgment*." (Emphasis added.) The Oregon court that entered the judgment under ORS 24.115 is the "court that entered the judgment" for the purposes of ORS 18.182. Under ORS 18.180(3), "judgment remedies for a judgment in a civil action expire 10 years

---

Or App 624, 628, 752 P2d 1305 (1988); *Callender v. Bumbleberry*, 39 Or App 487, 491-93, 592 P2d 1050 (1979); *Wells Fargo Bank, National Association v. Kopfman*, 226 P3d 1068, 1073 (Colo 2010). *See generally Watkins*, 385 US 188.

after the entry of the judgment." Therefore, when plaintiff filed the judgment in Oregon pursuant to ORS 24.115, the judgment became a judgment of the Oregon courts, and the extension filed within 10 years of that registration was timely under ORS 18.180(3).

For the reasons outlined above, the trial court's acceptance of plaintiff's Certificate of Extension of Judgment filed pursuant to ORS 18.182(1) was appropriate because judgment remedies had not yet expired under ORS 18.180(3). Applying Oregon's statute of limitations to judgments properly filed in Oregon does not violate the Full Faith and Credit Clause. We affirm.

Affirmed.